Civil Action No. 1:21-cv-549

**EXHIBIT**

**C**

5/21/2021 9:48 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-002340
Jessica A. Limon

CAUSE NO. D-1-GN-21-002340

| | | |
|---|---|---|
| ARANZA VICTORIA OLMOS GARDUNO, | § | IN THE JUDICIAL DISTRICT |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | 353RD___ DISTRICT COURT |
| v. | § | |
| | § | |
| AMPELIO GALLEGOS  D/B/A | § | |
| A & C TRANSPORT | § | TRAVIS COUNTY, TEXAS |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ARANZA VICTORIA OLMOS GARDUNO hereinafter called "Plaintiff," complaining of and about AMPELIO GALLEGOS D/B/A A & C TRANSPORT, hereinafter called "Defendant" and for cause of action shows unto the Court the following:

1. **DISCOVERY CONTROL PLAN**

Plaintiffs intend to prosecute this case under Discovery Control Plan 2

2. **RULE 47 STATEMENT**

ARANZA VICTORIA OLMOS GARDUNO seeks monetary relief of more than $250,000 but less than $1,000,000.

3. **PARTIES**

Plaintiff ARANZA VICTORIA OLMOS GARDUNO is an individual and resident of Travis County, Texas.

Defendant AMPELIO GALLEGOS is an individual who may be served with process at his place of residence at:

9655 Lawrence, #2230
Monett, Missouri 65708
Or wherever he may be found.

Defendant is amenable to service of process by a Texas court.

### 4. JURISDICTION

This court has jurisdiction over the parties because all either reside in Texas, or do business in Texas. The court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court. This court has the statutory power to declare rights, status, and other legal relations pursuant to Tex. Civ. Prac. & Rem. Code§ 37.003, whether or not further relief is or could be claimed.

### 5. VENUE

Venue is proper in Travis County, Texas because the incident made the basis of this suit occurred in Travis County.

### 6. FACTS

On or about June 17, 2020 Plaintiff was driving a 2008 Nissan Versa on Interstate Highway 35 in Austin, Travis County, Texas. Defendant AMPELIO GALLEGOS was driving a Kentworth commercial vehicle directly behind Plaintiff. Defendant failed to maintain a proper distance and failed to control speed, rear ending Plaintiff. Plaintiff was seriously injured in the ensuing collision.

## 7. NEGLIGENCE

Defendant had a duty to operate his vehicle reasonably and prudently and to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

At all times relevant to the collision, Defendant was guilty of various acts and/or omissions which constitute negligence, careless, and reckless disregard of said duty including, but not limited to, the following, each of which singularly or in combination with others, was the proximate cause of the occurrence in question:

- *failing to maintain control of his vehicle;*
- *failing to timely and properly apply his brakes prior to the collision;*
- *failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;*
- *failing to control speed; and*
- *failing to maintain a proper distance*

The aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendant without any fault or negligence on the part of Plaintiff contributing thereto.

## 8. GROSS NEGLIGENCE

The wrong done by AMPELIO GALLEGOS, was aggravated by the kind of conduct for which the law allows the imposition of exemplary damages in that the defendant's conduct when viewed objectively from defendant's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  Plaintiff, therefore, seeks exemplary damages in an amount within the jurisdictional limits of the court.

## 9. DAMAGES

Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff suffered severe bodily injuries. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life.

As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

Plaintiff pleads all matters herein supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendant, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

As a direct and proximate result of Defendant's breach of duty, Plaintiff was caused to incur the following damages:

        a) Reasonable and necessary medical care and expenses in the past;
        b) Reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;
        c) Physical pain and suffering in the past;

d) Physical pain and suffering that will, in reasonable probability, be suffered in the future;
e) Physical impairment in the past;
f) Physical impairment that will, in reasonable probability, be suffered in the future;
g) Mental anguish in the past;
h) Mental anguish that will, in reasonable probability, be suffered in the future;
i) Lost wages;
j) Loss of earning capacity in the past;
k) Loss of earning capacity that will, in reasonable probability, be incurred in the future;
l) Disfigurement in the past;
m) Disfigurement that will, in reasonable probability, be suffered in the future; and
n) Property damage; and
o) Exemplary Damages

Defendant's negligence proximately caused the damage to Plaintiff's property. As a result of the property damage, Plaintiff seeks monetary damages to compensate her for the following elements of damages:

a) the difference between the market value of Plaintiff's vehicle immediately before and immediately after the crash;
b) the cost to restore the vehicle to the condition it was in immediately before the occurrence in question; and
c) the loss of use of the vehicle.

## 10. PREJUDGMENT AND POSTJUDGMENT INTEREST

Plaintiff seeks pre-judgment and post-judgment interest as provided by law.

## 11. JURY FEE

Plaintiff demands a trial by jury, and shall tender the jury fee.

## 12. RESERVATION OF RIGHTS

Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend her petition and add additional counts and/or parties as discovery continues.

**13. NOTICE PURSUANT RULE 193.7**

This will serve as formal written notice to you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedures, of the Plaintiff intends to use at trial any and all documents, which you have produced on behalf of the Defendant in response to any formal written discovery request, and any and all supplemental and/or amended responses to any formal written discovery requests, including, but not limited to, answers to interrogatories; responses to requests for production; responses to requests for disclosures, affidavit, deposition on written questions, Rule 11, or any documents and things created and/or produced by Defendant from any source, and provided to the Plaintiffs.

**14. CONDITIONS PRECEDENT**

All conditions precedent have been performed or have occurred.

**15. SELF-AUTHENTICATION PURSUANT TO RULE 193.7**

This serves as notice, pursuant to Tex. R. Civ. P. 193.7, that Defendant's production of any document, in response to any of Plaintiff's written discovery requests, authenticates the document for use against the Defendant in any pretrial proceeding or at trial, unless, within 10 days after receiving this notice, the Defendant objects to the authenticity of the document, or any part thereof, stating the specific basis for the objection.

**16. PRAYER**

WHEREFORE, Plaintiff prays that, on final trial, Plaintiff have:

A. Judgment against Defendant within the jurisdictional limits of this court.

B. Pre-judgment and Post-judgment interest

C. Costs of suit

D. Injunctive relief to obtain pertinent evidence

E.  All such other relief, at law or at equity, to which Plaintiff may show themselves to be

entitled.

Respectfully submitted,

**DANG LAW GROUP, PLLC**

By: /s/ *Zachary A. Zapata*
Zachary A. Zapata
State Bar No. 24110880
zach@danglawgroup.com
11442-A N IH-35
Austin, TX 78753
Tel: 512-973-8997
Fax 512-276-6638

**ATTORNEY FOR THE PLAINTIFF**